OPINION
Defendant-appellant Jeffrey McCullough appeals the October 15, 1998 Judgment Entry of the Licking County Court of Common Pleas which accepted appellant's Alford plea of no contest and convicted appellant of three counts of gross sexual imposition; and the November 12, 1998 Judgment Entry which sentenced appellant for his crimes. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 24, 1998, the Licking County Grand Jury indicted appellant on three counts of rape in violation of R.C. 2907.02(A)(1)(b), three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), and one count of disseminating matter harmful to juveniles in violation of R.C.2907.31(A)(1) and/or (A)(3). At the August 3, 1998 arraignment, appellant plead not guilty to each charge. Said charges arose out of incidents involving a five year old girl.
The matter proceeded to a jury trial on October 14, 1998. Three times, the State attempted to present the testimony of the child-victim. However, each attempt ended with the child unable to answer questions. Accordingly, the State attempted to present the testimony of Ms. Susan Gibson, the registered nurse who took down statements the child made while at the hospital. The trial court conducted an extensive voir dire of Sgt. Myers, the investigating officer; Mary Caron, the child's mother; Cindy Robson, a children's services case worker, and Ms. Susan Gibson in an effort to determine the admissibility of Ms. Gibson's testimony. After hearing the testimony, the trial court advised the parties it would admit the testimony of Ms. Gibson.
Immediately thereafter, appellant plead no contest to three counts of gross sexual imposition. Both appellant and appellee agree "the remaining three charges were then dismissed." Appellant's Brief at 3, Appellee's Brief at 1. Our review of the record indicates the remaining four charges were never dismissed.
In an October 15, 1998 Judgment Entry, the trial court accepted appellant's written Alford plea of no contest to the three counts of gross sexual imposition and found appellant guilty of those three charges. In a November 12, 1998 Judgment Entry, the trial court imposed sentence on the three counts of gross sexual imposition.
It is from these two judgment entries appellant prosecutes this appeal, assigning the following error:
 THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL. I
As noted supra, the trial court never dismissed the three counts of rape and one count of disseminating matter harmful to a juvenile. Therefore, pursuant to R.C. 2505.02, we find the judgment entry convicting appellant of three counts of gross sexual imposition and the judgment entry sentencing appellant on those three counts are not final appealable orders.
Accordingly, appellant's appeal is dismissed for lack of jurisdiction.
 ______________________________ Hoffman, J.
Gwin, P.J. and Edwards, J. concur